[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14489
Non-Argument Calendar

_____

Agency No. A96-110-814

ABBAS TABRIZIAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 23, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Abbas Tabrizian, a native and citizen of Iran, petitions for review

of the Board of Immigration Appeals's ("BIA") final order, affirming without opinion the immigration judge's ("IJ") denial of his motion to continue the removal hearing under the Immigration and Naturalization Act ("INA"), INA § 237(a)(1)(B), 241; 8 U.S.C. § 1227(a)(1)(B), 1231; 8 C.F.R. § 1003.29.

In March 2003, the Immigration and Naturalization Service issued Tabrizian a notice to appear because he had exceeded the amount of time that he was permitted to stay in the United States. Tabrizian submitted a motion, with supporting documentation, to continue the proceedings because he had a pending labor certification, and he was the beneficiary of an I-130 petition, which was filed by his U.S. citizen brother.[1] After granting multiple continuances of the removal hearing, in February 2004, the IJ denied Tabrizian's motion for a continuance for additional attorney preparation time and found Tabrizian removable. The BIA affirmed the IJ's decision without opinion.

On appeal, Tabrizian argues that we should re-examine our decision in *Zafar v. U.S. Att'y Gen.*, 426 F.3d 1330, 1334-35 (11th Cir. 2005). *Zafar* held that because the petitioners were not statutorily eligible for adjustment to resident

---

[1] Tabrizian notes that the I-130 petition filed on his behalf by his U.S. citizen brother acts to grandfather him under INA § 245(i). However, he has abandoned any arguments that he may have raised below regarding any error the IJ made by not continuing his removal proceedings based on the pending I-130 petition itself because he only argues on appeal that the continuance should have been granted due to his pending labor certification. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

status, having failed to show immediate visa availability, there was no abuse of discretion in denying a continuance. Tabrizian notes that we did not address a Seventh Circuit opinion, *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), which reversed a removal order in which the IJ did not give sound reasons for denying a motion for a continuance in similar circumstances.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without opinion, thereby making the IJ's decision the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 (11th Cir. 2003).

An IJ has discretion to grant a continuance in an immigration proceeding "for good cause shown." 8 C.F.R. § 1003.29. We have jurisdiction to review the IJ's discretionary decision to deny Tabrizian's motion for a continuance for an abuse of discretion. *Zafar*, 426 F.3d at 1334-35. As we explained in *Zafar*:

> Section 245(i) of the INA, 8 U.S.C. § 1255(i)(1), permits a certain class of aliens who were otherwise *ineligible* to adjust their temporary resident status in the United States to pay a penalty fee for adjusting their status to that of a "permanent resident" and be considered "grandfathered" into the United States, if he is the "beneficiary" of an application for labor certification that was properly filed by April 30, 2001, and was "approvable when filed." INA § 245(i)(1), 8 C.F.R. § 245.10(a)(1)(i)(B). "Approvable when filed means that, as of the date of the filing," the application for labor certification was "properly filed, meritorious in fact, and non-frivolous . . . ." 8 C.F.R. § 245.10(a)(3). Once the Attorney General

3

receives the application for adjustment of status and the appropriate fee, he "may" adjust the status if the alien "is eligible to receive an immigrant visa and is admissible," and "an immigrant visa is immediately available to the alien at the time the application is filed." INA 245(i)(2), 8 U.S.C. § 1255(i)(2). An immigrant visa cannot, however, be issued to the alien until the labor certification is approved. INA § 203(b)(3)(C), 8 U.S.C. § 1182(a)(5).

*Id.* at 1335-36. We held that an IJ does not abuse his discretion by denying a continuance to petitioners who can show only a "speculative possibility that . . . they may receive" a labor certification in the future because such a showing does not fulfill the "immediately available" visa petition requirement for adjustment of status under INA § 245(i); 8 U.S.C. § 1255(i). *Id.* at 1336.

The facts in this case are identical in relevant respects to the facts in *Zafar*. 426 F.3d at 1332-33. Like the petitioners in *Zafar*, Tabrizian's labor certification is currently under review by the U.S. Department of Labor ("DOL"). *Zafar*'s holding, that there is no abuse of discretion for an IJ to deny a continuance based on a pending labor certification, mirrors this IJ's decision not to continue the proceedings pending an approval that may or may not happen. *See Zafar*, 426 F.3d 1335-36. In fact, Tabrizian admits that *Zafar* is controlling law, arguing only that *Zafar* should be reconsidered in light of the Seventh Circuit's decision in *Subhan*. Nevertheless, "[our] law . . . is emphatic that only the Supreme Court or [our] court sitting *en banc* can judicially overrule a prior panel decision." *Walker v. Southern*

4

*Co. Servs., Inc.*, 279 F.3d 1289, 1293 (11th Cir. 2002) (quotation omitted). But even if one panel could overrule another, the panel that decided *Zafar* clearly was aware of *Subhan* because that case is cited in *Zafar*, even though it was not addressed at length. *Zafar*, 426 F.3d at 1335.

Furthermore, the Seventh Circuit's decision in *Subhan* is distinguishable. In *Subhan,* the IJ granted the non-citizen two continuances in an attempt to allow the pending labor certification to be processed by the DOL, but after the second continuance expired, the IJ summarily denied a request for a third. *Subhan*, 383 F.3d at 593. The Seventh Circuit held that because the IJ gave no reason for the denial, it was erroneous. *Id.* at 595. Here, however, the IJ gave a reason for denying Tabrizian's motion for a continuance by stating that the "approval of a labor certification is the net equivalent of a certificate of marriage between a [non-citizen] and a U.S. citizen," but "the absence of either eliminates any basis for continuance." As the *Subhan* court noted, had the IJ given almost any reason for the denial of Subhan's request, the denial would have satisfied the law. *Subhan*, 383 F.3d at 593-94. Here, the IJ gave a reason based on his understanding of the state of the law regarding continuances and thus satisfied *Subhan*.

Accordingly, for the foregoing reasons, we deny the petition for review.

**PETITION DENIED.**

5